**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN DOE 1**, *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:26-cv-494** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **JOSEPH B. EDLOW**, *et al.*, | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **Defendants.** | : | |
| | : | |

**PRELIMINARY INJUNCTION SCHEDULING ORDER**

This matter comes before the Court on Plaintiffs' Motion for a Preliminary Injunction (ECF No. 9).  The Court held a telephonic status conference to address scheduling issues on May 26, 2026.

As discussed on the record at that conference, the Court anticipates issuing its opinion on Defendants' pending and fully-briefed Motion to Sever and Transfer Venue (ECF No. 11) within approximately one week from the date of this Order.  In light of Plaintiffs' pending emergency Motion for a Preliminary Injunction, the Government's response in opposition to Plaintiffs' Motion shall be due no later than **June 8, 2026**.  The Government's brief should address:  (1) whether Plaintiffs have a strong likelihood of success on the merits; (2) whether Plaintiffs would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.  *See Ne. Ohio Coal. for the Homeless v. Husted*, 696 F.3d 580, 590–91 (6th Cir. 2012).

The Court will hold a hearing on Plaintiffs' Motion for a Preliminary Injunction on **June 10, 2026 at 1:30 p.m.** at the U.S. District Court for the Southern District of Ohio, 85 Marconi

1

Boulevard, Columbus, OH 43215.  At the conference, the parties indicated that they would not be introducing evidence at the hearing.  The Court will not continue the hearing date except upon written motion supported by an affidavit demonstrating exceptional circumstances, made immediately upon the party's or counsel's receipt of notice of the existence of the exceptional circumstances.

An appendix outlining the trial procedures to be followed at the Preliminary Injunction hearing follows.

## APPENDIX

### I.  TRIAL PROCEDURES

**Counsel Tables**

Plaintiff will occupy counsel table next to the jury box.  The Defendant will occupy counsel table across from Plaintiff and, to the extent necessary, the pews in the gallery.

**Appearances**

Counsel will enter their appearance with the Court Reporter and the Courtroom Deputy Clerk before the start of the opening session of the hearing.

**Addresses By Counsel**

Counsel will address the Court in the following manner:

      (a)     All addresses to the Court will be made from the lectern facing the Court.

      (b)     Counsel shall stand when addressing the Court for any reason.

**Objections**

Counsel will stand when making an objection and will make the objection directly and only to the Court.

When objecting, state only that you are objecting and the succinct legal basis for your objection.  Objections shall not be used for the purpose of making speeches, repeating testimony, or to attempt to guide a witness.

Argument upon an objection will not be heard unless permission is given or argument is requested by the Court.  Either counsel may request a bench conference.

**<u>Decorum</u>**

Colloquy, or argument between counsel will not be permitted.  All remarks shall be addressed to the Court.

Counsel shall maintain a professional and dignified atmosphere throughout the hearing.

During the hearing, counsel shall not exhibit familiarity with witnesses or opposing counsel and shall avoid the use of first names.

During opening statements and final arguments, all persons at counsel table shall remain seated and be respectful so as not to divert the attention of the Court.

Do not ask the Court Reporter to mark testimony.  All requests for re-reading of questions or answers shall be addressed to the Court.

**<u>Demonstrative Evidence</u>**

If any sketches, models, diagrams, or other demonstrative evidence of any kind will be used during the proceeding, they must be exhibited to opposing counsel two days prior to the hearing.  Objections to the same must be submitted to the Court prior to the commencement of the hearing.  Demonstrative evidence prepared solely for the purpose of final argument shall be displayed to opposing counsel at the earliest possible time but in no event later than one-half hour before the commencement of the arguments.

Counsel must supply his/her own easel, flip charts, etc. for the hearing.

### Exhibits

Counsel will assemble and mark all exhibits and deliver them to the courtroom deputy prior to the commencement of the hearing.  Plaintiff's exhibits will bear the letter prefix P followed by Arabic numerals and Defendant's exhibits will bear the prefix D followed by Arabic numerals.

Counsel should keep a list of all exhibits and should supply the Court, courtroom deputy and opposing counsel with a copy of the same.

Each counsel is responsible for any exhibits secured from the courtroom deputy. At the end of each hearing session, all exhibits shall be returned to the courtroom deputy.

The parties shall use three-ring tabbed notebooks for their exhibits which will be submitted two (2) days before the hearing.  The parties shall provide one (1) copy of their tabbed exhibit notebook(s) to opposing counsel, and three (3) copies to the Court—one each for the Judge, the law clerk, and the courtroom deputy (for use at the witness stand).

Exhibits which are produced for the first time during the hearing, as in the case of exhibits used for impeachment, shall be tendered to the courtroom deputy for marking and then displayed to opposing counsel.

### Sanctions

The parties and counsel shall comply fully and literally with this pre-hearing order. The Court will consider the imposition of appropriate sanctions in the event of non-compliance, including monetary sanctions, the dismissal of claims or defenses, or the exclusion of evidence. Fed. R. Civ. P. 16(f).

### Questions

This order supersedes all previous orders in this case to the extent previous orders are inconsistent with this order.

The parties shall address questions about this Order to the Court's Law Clerk, Maxwell Potluri at (614) 719-3260, by way of a telephone conference with counsel for all parties participating, or with fewer than all counsel participating with express permission of non-participating counsel.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATE:  May 27, 2026**