**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**DOE 1,** *et al.*,

      **Plaintiffs,**

    **v.**
                                **Civil Action 2:26-cv-494**
                                  **Judge Algenon L. Marbley**
**JOSEPH B. EDLOW,**                **Magistrate Judge Chelsey M. Vascura**
*Director, U.S. Citizenship and Immigration*
*Services, et al.*,

      **Defendants.**


**ORDER**

Plaintiffs, twenty-five foreign nationals whose pending immigration benefits applications have been placed on hold pursuant to policies of United States Customs and Immigration Services, seek leave to proceed pseudonymously (ECF No. 2). For good cause shown, the Motion is **GRANTED**.

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). However, the Court "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a plaintiff's privacy interests outweigh

the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit

has identified factors to consider, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F. 3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). It is also

relevant to consider whether the defendants are being forced to proceed with insufficient

information to present their arguments against the plaintiff's case. *Id.* at 561.

As to the first factor, Plaintiffs challenge government activity by challenging the policies

of USCIS. This factor therefore weighs in favor of anonymity.

As to the second factor, courts routinely find that undocumented immigrants are

especially vulnerable to the possibility of retaliation for participating in legal action. *See*, *e.g.*,

*Nazih v. Cafe Istanbul of Columbus, LLC*, No. 2:17-CV-947, 2018 WL 4334613, at *4 (S.D.

Ohio Sept. 11, 2018); *M.C.C.G. v. Olson, et al.*, No. 4:26-CV-00110-BJB-HBB, 2026 WL

789094, at *1 (W.D. Ky. Mar. 20, 2026). This is especially true when plaintiffs are asylum

seekers who fear violence or retaliation in their home country. *See*, *e.g.*, *Molina v. U.S. Dep't of

Homeland Sec.*, No. CV 25-3417, 2025 WL 2800807, at *2 (D.D.C. Oct. 1, 2025); *Doe v. U.S.

Immigr. & Customs Enf't*, No. 1:23-CV-00971-MLG-JMR, 2024 WL 4389461, at *4 (D.N.M.

Oct. 3, 2024). Such is the case for several Plaintiffs here. The Court therefore finds that the

second factor also favors anonymity.

The third factor does not appear to be implicated in this action and therefore weighs

against anonymity.

The fourth factor is relevant to the two plaintiffs who are minor children, weighing in

favor of anonymity.

Finally, the Court can discern no prejudice that Defendants would suffer if Plaintiffs are permitted to proceed under pseudonyms. Plaintiffs have agreed to promptly identify themselves to Defendants under seal.

In sum, the Court finds that when considered together, the relevant factors favor protecting Plaintiffs' identities. Other courts within this Circuit have reached a similar conclusion in immigration cases. *See K.E.O. v. Woosley*, No. 4:25-CV-74-RGJ (W.D. Ky. Sept. 4, 2025) (ECF No. 13); *E.V. v. Raycraft*, No. 4:25-CV-2069, (N.D. Ohio Oct. 16, 2025) (Oct. 14, 2025 Minutes of Proceedings). Therefore, Plaintiffs' Motion for Leave to Proceed Under Pseudonyms (ECF No. 2) is **GRANTED**. It is further **ORDERED** that:

(1) In all publicly filed documents, Plaintiffs shall be identified only by their pseudonyms as listed in the Complaint. All documents filed with this Court that contain Plaintiffs' names, or contain information that would permit identification of their names, directly or indirectly, shall be filed **UNDER SEAL**.[1] The filing party must also contemporaneously file a public version with any identifying information redacted.

(2) Defendants are prohibited from disclosing Plaintiffs' identities to the general public or any third parties, or from using them for any purpose not directly and immediately related to defense of this action.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

---

[1] In accordance with S.D. Ohio Civ. Rule 5.2.1, any party wishing to file such a document with the Court must seek advance leave to file the particular document under seal.